**PORZIO, BROMBERG & NEWMAN, P.C.**
100 Southgate Parkway
Morristown, NJ  07962-1997
(973) 538-4006
*Attorneys for Defendants*
Luxottica Retail North America Inc.
Luxottica Group SpA
Luxottica USA LLC and
The United States Shoe Corp.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BLANE FRIEST, Individually And on behalf of a class of Similarly situated Individuals, | CIVIL ACTION NO. _____ |
| Plaintiffs, | |
| v. | **DEFENDANTS LUXOTTICA RETAIL NORTH AMERICA INC. AND LUXOTTICA GROUP S.p.A.'s NOTICE OF REMOVAL** |
| LUXOTTICA GROUP SpA., LUXOTTICA USA, LLC, LUXOTTICA RETAIL NORTH AMERICA, INC., THE UNITED STATES SHOE CORP. t/a LENSCRAFTERS and JOHN DOES 1-5 AND ABC CORPS 6-10, | |
| Defendants. | *Document Electronically Filed Via ECF System* |

TO:
William T. Walsh, Clerk
United States District Court
Mitchell H. Cohen U.S. Courthouse
1 John F. Gerry Plaza
Camden, NJ  08101

WITH NOTICE TO:
Clerk, Superior Court of New Jersey                Bruce H. Nagel, Esq.
Deputy Clerk of the Superior Court                Nagel Rice, LLP
50 West Market Street                                      103 Eisenhower Parkway
Room 131                                                        Roseland, NJ 07068
Newark, NJ 07102                                          *Attorney for Plaintiff*
                                                                       Blane Friest

3422739

PLEASE TAKE NOTICE that defendants, Luxottica Retail North America Inc. and Luxottica Group S.p.A. ("Defendants"), by and through its attorneys, Porzio, Bromberg & Newman PC, hereby removes the above-captioned action from the Superior court of New Jersey, Law Division, Essex County, to the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. §§1332(d)(2), 1441, 1446, and 1453.

## I.    COMMENCEMENT OF ACTION AND SERVICE OF PROCESS

1.      On or about April 22, 2016, plaintiff Blane Friest ("Plaintiff") commenced this putative class action against Luxottica Retail North America Inc. ("LRNA"), Luxottica Group S.p.A. ("Luxottica Group"), Luxottica USA LLC ("Luxottica USA") and The United States Shoe Corp. ("US Shoe")[1] by filing a Class Action Complaint and Jury Demand (the "Complaint") in the Superior court of the State of New Jersey, Essex County, which was assigned docket no. L–2882–16.

2.      On May 10, 2016, a process server delivered the Complaint and summonses addressed to LRNA and Luxottica Group at LRNA's corporate headquarters.[2] (*See* Affidavits of Service obtained from Plaintiff's counsel, attached hereto as Exh. "A"). This notice is therefore timely pursuant to 28 U.S.C. §1446(b).[3] As required by 28 U.S.C. §1446(a), true and correct copies of all process, pleadings, and orders served upon LRNA and Luxottica Group are attached hereto as Exh. "B".

---

[1] Three of the Defendants were improperly denominated in the Complaint: LRNA as "Luxottica Retail North America, Inc."; Luxottica Group as "Luxottica Group SpA"; and Luxottica USA as "Luxottica USA, LLC". Based upon the allegations in the Complaint, only LRNA, which operates LensCrafters, is a proper party to this action.
[2] As of this date, service has not been received on Luxottica USA and US Shoe.
[3] By filing this Notice of Removal, Defendants do not waive any objections to defects in process, service of process, jurisdiction, venue or any other defense.

## II.     SATISFACTION OF PROCEDURAL REQUIREMENTS

3.     As more fully set forth below, this case is being properly removed to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. §1441 because Defendant has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332.

4.     This Notice of Removal is timely pursuant to 28 U.S.C. §1446(b)(2)(B) because it is being filed within thirty days of Defendant's receipt of Plaintiff's initial pleading.

5.     Pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal along with a Notice of Filing the Notice of Removal is being served on counsel for Plaintiff and a copy is being filed with the Clerk of the Superior Court of the State of New Jersey, Law Division, Essex County.

6.     Venue is proper within the District of New Jersey pursuant to 28 U.S.C. §110 and 28 U.S.C. §1441 because it is the district and division embracing the place where such action is currently pending.

7.     This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11.  28 U.S.C. § 1446(a).

8.     No other Defendants are required to consent to this removal.  28 U.S.C. §1453(b).

## III.    ALLEGATIONS OF THE COMPLAINT

9.     The Complaint alleges that Defendants, through their affiliates and subsidiaries, including LensCrafters, "the retail eyewear outlet store having 30 separate location in New Jersey" violated the New Jersey Consumer Fraud Act, N.J.S.A. §56:8-1 et. seq. ("CFA"), the New Jersey Truth-in-Consumer Contract, Warranty and Notice Act, N.J.S.A. §56:12-15 ("TCCWNA"), and the New Jersey Antitrust Act, N.J.S.A. 56:9-3 ("Antitrust Act"), by engaging

3

3422739

in a policy and practice of refusing to provide customers with their pupillary distance measurement in order to preclude them from obtaining eyewear through competitors in contravention of the rules and regulations of the New Jersey State Board of Ophthalmic Dispensers and Technicians.  (Complaint, Exh. B at ¶¶'s 1-4).

10.     Plaintiff further alleges that LensCrafters' website, by failing to disclose this policy, "constitutes a misleading communication" in violation of regulations governing ophthalmic dispensers, and thus is "false advertising" under the CFA.  (*Id.*at ¶5).  Additionally, LensCrafters allegedly violates related regulations by suggesting that technicians who measure the pupillary distance are optometrists and that this measurement constitutes part of the "eye exam" from an optometrist.    (*Id.*at ¶6).  By disseminating these "misleading and deceptive advertisements" on the Internet, LensCrafters allegedly violates TCCWNA.  (*Id.*at ¶7).  Lastly, LensCrafters' conduct allegedly "constitutes an anti-competitive activity" designed to "enhance its pricing power and further consolidate its market share to the detriment of competition and at the expense of consumers…." (*Id.* at ¶8).

11.     Plaintiff seeks to certify a class consisting of "[a]ll individuals who purchased prescription eyewear at a LensCrafters in New Jersey within the past six years who did not receive their pupillary distance when they requested it."  (*Id.*at ¶25).

12.     The Complaint seeks compensatory and consequential damages, treble damages, statutory attorney's fees and costs of suit, and injunctive relief under the CFA (*Id.* ¶¶'s 53, 63 & 79); compensatory and consequential damages, statutory damages of "'not less than $100.00 or for actual damages, or both,'" attorney's fees and costs of suit under TCCWNA  (*Id.*at ¶85); and compensatory and consequential damages, treble damages, statutory attorney's fees and costs of suit, and injunctive relief under the Antitrust Act (*Id.*at ¶¶'s 96 &106).

4

IV.     **SUBJECT MATTER JURISDICTION**

13.     This Court has jurisdiction of this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified in various statutory sections including 28 U.S.C. §1332(d), and this case is subject to removal under CAFA.

14.     Under CAFA, a putative class action may be removed where (a) any member of a class of plaintiffs is a citizen of a State different from any defendant (b) the putative class consists of more than 100 members; and (c) the amount in controversy is $5,000,000 or more, when the claims of putative class members are aggregated (exclusive of interests and costs). *See* 28 U.S.C. § 1332(d).

15.     The Complaint meets the CAFA definition of a class action, which is "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statue…authorizing an action to be brought by 1 or more representative persons as a class action."  28 U.S.C. §1332(d)(1)(B); 28 U.S.C. §1453(a), (b).

A.     **Minimum Diversity Exists Between the Parties**

16.     The Complaint alleges that Plaintiff is a resident and citizen of the State of New Jersey, and lists his address as 68 Astor Place, Jersey City, NJ 07304.  (Complaint, Exh. B at ¶11).

17.     Plaintiff further alleges that LRNA is an Ohio Corporation maintaining its principal place of business at 4000 Luxottica Place, Mason Ohio 45050.  (*Id.*at ¶14).  The Complaint alleges that Luxottica Group is an Italian corporation with its principal place of business in Milan and an office at the above-referenced location.  (*Id.*at ¶12).  Plaintiff also alleges that Luxottica USA is a subsidiary of the Italian entity and has a principal place of

business at 44 Harbor Park Drive, Port Washington, New York 11050.[4]  (*Id.*at ¶13).  Lastly, the

Complaint avers that US Shoe is an Ohio Corporation with its principal place of business at One

Eastwood Drive, Cincinnati, Ohio 45227,[5] and is a wholly owned subsidiary of the Italian entity,

and "the parent company of one or more of the other Defendants…."  (*Id.*at ¶15).    Thus, for

purposes of removal, as alleged, Luxottica Group is an Italian citizen, Luxotica USA is a New

York citizen and the remaining defendants are citizens of Ohio.  *See* 28 U.S.C. §1332(c)(1).

18.    Plaintiff is a citizen of New Jersey, is therefore diverse from not only one, but all

Defendants.  28 U.S.C. §1332(d).

**B.    The Proposed Class Consists of More Than 100 Persons**

19.    The Complaint alleges that LensCrafters has 30 stores in New Jersey where

customers can "obtain on-site eye-exams and purchase their prescription eyewear."  (Complaint,

Exh. B at ¶16).

20.    Plaintiff seeks to certify a class consisting of "[a]ll individuals who purchased

prescription eyewear at a LensCrafters in New Jersey within the past six years who did not

receive their pupillary distance when they requested it."  (*Id.*at ¶25).

21.    The Complaint alleges that the "members of the class are so numerous that

joinder of all members is impracticable." (*Id.*at ¶26).

22.    During the putative class period, LensCrafters sold prescription eyewear to more

than 100 customers each month at LensCrafters locations in New Jersey.  (*See* Declaration of

Scott Messbarger, Vice-President, Finance, LensCrafters ("Messbarger Decl."), ¶5, Exh. "C"

attached hereto).   In each full year of the class period, LensCrafters sold more than 50,000

prescription eyeglasses in New Jersey.  Without conceding the validity of Plaintiff's assertions,

[4] The correct street address for Luxottica USA is 12 Harbor Park Drive.
[5] US Shoe's actual headquarters is located at 12 Harbor Park Drive, Port Washington, NY 11050.

6

these purchases represent tens of thousands of New Jersey customers, all of whom could be potential class members, according to the allegations in the Complaint.  (*Id.*)  If only 0.2% of these eyeglasses were purchased by customers who were refused their pupillary distance measurement, the proposed class would exceed 100 persons. 28 U.S.C. §1332(d)(5)(B).

**C.**     **The Aggregate Amount-in-Controversy Exceeds $5,000,000**

23.     The claims of the individual class members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000.  28 U.S.C. §1332(d)(2) & (d)(6).  The notice of removal need only contain a plausible allegation that the amount in controversy exceeds the jurisdiction threshold.  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014).  "Where there is no dollar amount alleged in the complaint and the action is in federal court by notice of removal . . . The Court first looks to the complaint, and then to the moving papers, and then to anything else." *Faltaous v. Johnson and Johnson*, 2007 WL 3256833, Civ. Action No. 07-1572 (D.N.J. Nov. 2007)(*citing United Food & Comm. Workers Union v. CenterMark Properties Meriden Square Inc.*, 30 F.3d 298, 305 (2d Cir. 1994).

24.     The Complaint seeks compensatory and consequential damages, treble damages, and attorney's fees under the CFA (Complaint, Exh. B, ¶¶'s 53, 63 & 79); compensatory and consequential damages, statutory damages of "'not less than $100.00 or for actual damages, or both,'" and attorney's fees under TCCWNA  (*Id.*at ¶85); and compensatory and consequential damages, treble damages, and attorney's fees under the Antitrust Act (*Id.*at ¶¶'s 96 &106).

25.     Without conceding the validity of Plaintiff's claims, assuming that there are 50,000 customers who purchase eyeglasses from LensCrafters in New Jersey each year, and that only 17% of them viewed the allegedly "misleading communications" on LensCrafters' website

during each of the 6 years of the class period, and that each customer could claim TCCWNA damages of $100, the aggregated total would exceed $5,000,000 [8,500 customers (50,000 customers x 17%) x $100 damages x 6 years = $5,100,000].  *See Slack v. Suburban Propane Partners, L.P.,* 2010 U.S. Dist. LEXIS 135530 (D.N.J. Dec. 22, 2010)("any person who violates the TCCWNA is liable for a $100 civil penalty or actual damages, at the election of the consumer").

26.    Plaintiff also alleges that Defendants' policy of refusing to disclose the pupillary distance measurement "induces customers to purchase additional pairs of eyeglasses from Defendants…." (*Id.* at ¶49).    LRNA's net sales from ophthalmic products greatly exceeded $20,000,000 in each of the six years in issue in this litigation (Messbarger Decl. ¶5).   Without admitting plaintiff's allegations – and assuming that restitution of the purchase price represents a proper measure of damages under the CFA, TCCWNA or the Antitrust Act – if only 4.2% of LensCrafters' minimum annual sales of $20,000,000 represented purchases by customers who were denied their pupillary distance measurement and were "induced" to purchase an additional pair of eyeglasses as a result, damages would exceed the jurisdictional threshold during the class period [$20,000,000 annual sales x 4.2% = $840,000 in damages x 6 years = $5,040,000].

27.    The potential award of treble damages and attorney's fees provides additional evidence that the amount-in-controversy threshold will likely be exceeded here.  Attorney's fees are appropriately counted toward the amount in controversy if they are available to a successful plaintiff pursuant to an underlying statute.  *Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (3d Cir. 1997).  This applies to cases removed under CAFA.  *See Lowdermilk v. U.S. Bank National Assoc.*, 479 F.3d 994, 1000 (9th Cir. 2007); *Frazier v. Pioneer Americas, LLC*, 455 F.3d 542 (5th Cir. 2006).

28.    Under the CFA, a court shall "award threefold the damages" to any person who suffers any ascertainable loss as a result of any unlawful practice, as well as "reasonable attorney's fees, filing fees and reasonable costs of suit."  N.J.S.A. 56:8-19.  These potential CFA awards must be taken into account when determining the amount in controversy.  *See, e.g., Frederico v. Home Depot, Inc.,* 507 F.3d 188, 197-99 (3d Cir. 2007).  Moreover, attorney's fees could be "as much as 30% of the judgment."  *Id*. at 199 (citations omitted).

29.    Attorney's fees and costs of suit are also recoverable under TCCWNA, N.J.S.A. 56:6-17.   Because this statute also provides for an award of "reasonable attorney's fees and court costs," which could potentially be 27-30% of the judgment, the amount in controversy based only on this statute, as calculated above, exceeds $5 million.  *See In re Rite Aid Corp. Sec. Litig*., 396 F.3d 294, 303 (3d Cir. 2005), as amended (Feb. 25, 2005).

30.    Lastly, the Antitrust Act also provides for treble damages, N.J.S.A. 56:9-6 and an award of attorney's fee to a prevailing party. N.J.S.A. 56:9-10 b.

31.    In sum, based on the allegations in the Complaint, the potential for an award to the class of damages exceeding $5,000,000, even before trebling or a reasonable and proportionate award of attorney's fees, is plausibly established.

**D.     No CAFA Exclusion Applies**

32.    This action does not fall within any exclusions to removal jurisdiction under 28 U.S.C. 28 1332(d) and 1453(b).

WHEREFORE, Defendant respectfully removes this action from the Superior Court of the State of New Jersey, Law Division, Essex County, to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453.

PORZIO, BROMBERG & NEWMAN P.C.
100 Southgate Pkwy., PO Box 1997
Morristown, NJ 07962-1997
(973) 538-4006
(973) 538-5146 Fax
spbenenson@pbnlaw.com
*Attorneys for Defendants*
Luxottica Retail North America Inc.
Luxottica Group SpA
Luxottica USA LLC and
The United States Shoe Corp.

By:   *s/ Steven P. Benenson*

Date:  June 8, 2016                    Steven P. Benenson
                                       An Attorney of the Firm

10

3422739

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I caused to be mailed via Lawyers Service a Notice to

Adverse Party of Filing of Notice of Removal enclosing a copy of the foregoing Notice of

Removal and exhibits thereto, as well as a copy of a Notice to Clerk of the Superior Court of

Filing of Notice of Removal, to the following counsel for plaintiff:

> Bruce H. Nagel, Esq.
> Nagel Rice, LLP
> 103 Eisenhower Parkway
> Roseland, NJ 07068
> *Attorney for Plaintiff*
> Blane Friest

I further certify that on this date, I caused to be mailed via Lawyers Service a Notice to

Clerk of the Superior Court of Filing of Notice of Removal, to:

> Clerk, Superior Court of New Jersey
> Deputy Clerk of the Superior Court
> 50 West Market Street
> Room 131
> Newark, NJ 07102

> *s/ Steven P. Benenson*
> Steven P. Benenson

Date:  June 8, 2016

11

3422739